UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. MEDINA, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-00266-VC  (PR)<br><br>**ORDER SERVING COGNIZABLE CLAIMS; DISMISSING ONE CLAIM WITH PREJUDICE; DENYING REQUEST TO APPOINT COUNSEL**<br><br>Dkt. No. 3 |

Kenneth Lee Taylor, an inmate at Solano State Prison proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against four officers at Pelican Bay State Prison, where he was previously incarcerated. Taylor has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. Taylor also requests appointment of *pro bono* counsel. This request is denied. The Court now addresses the claims asserted in Taylor's complaint.

## DISCUSSION

**I.　Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II. Taylor's Allegations

Taylor's complaint alleges the following:

On December 11, 2014, three items in Taylor's outgoing mail addressed to Mrs. Geraldine M. Nealy were confiscated by Defendant Institutional Gang Investigator M. Medina as Black Guerilla Family ("BGF") gang material, although the items had nothing to do with the BGF. The three items were a letter, an 8 x 10 inch color photo and a self-addressed stamped envelope. Medina "concocted and fabricated" false evidence to confiscate these items. Defendant Captain B. Patton of the Investigative Services Unit ("ISU") approved Medina's confiscation of these items.

On January 7, 2015, Defendant M. Townsend, Pelican Bay Appeals Coordinator, "wrongfully" dismissed Taylor's staff complaint against Medina and Patton. On January 13, 2015, Defendant Sgt. J. Puente came to Taylor's cell to interview him about his staff complaint. On January 23, 2015, Puente returned to Taylor's cell and agreed to mail the three items of confiscated mail if Taylor agreed to withdraw his appeal. Taylor agreed. However, four months later, on May 21, 2015, Taylor learned that the items were not mailed in January 2015. On June 17, 2015, Taylor filed an appeal for breach of the agreement he made with Puente.

Taylor also includes allegations that, in 2009, non-defendants at San Quentin State Prison retaliated against him by placing "concocted, fabricated and false" information in his file indicating he was associated with the BGF. Taylor seeks expungement of this false information from his prison records. However, because these allegations are directed at non-defendants, they do not state claims against the defendants sued in this complaint and the Court does not further consider these allegations.

Based on the allegations against Defendants, Taylor asserts the following claims: (1) violation of the First Amendment against Medina, Patton and Puente for confiscating Taylor's outgoing mail; (2) breach of contract against Puente; (3) violation of procedural due process against Townsend for denying Taylor's staff complaint; and (4) intentional infliction of emotion distress against all Defendants.

Liberally construed, these allegations appear to state a cognizable First Amendment claim against Medina, Patton and Puente, a cognizable breach of contract claim against Puente, and a cognizable intentional infliction of emotional distress claim against Medina, Patton and Puente.

However, even liberally construed, the allegations do not state a cognizable due process claim against Townsend for denying Taylor's staff complaint. Such due process claims are not cognizable under Section 1983 because there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."). Consequently, an incorrect decision on an administrative appeal or a failure to handle it in a particular way does not amount to a violation of a plaintiff's constitutional rights. *Id.* Therefore, the due process claim against Townsend is dismissed. Because Townsend has not violated Taylor's constitutional rights, the emotional distress claim against him, which is premised on the constitutional violation, is also dismissed. Dismissal is without leave to amend because amendment would be futile.

**III. Request for Appointment of Counsel**

Taylor requests the appointment of counsel "so that his interests may be protected."

"[I]t is well-established that there is generally no constitutional right to counsel in civil

3

cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel to "any person unable to afford counsel." The discretionary appointment of counsel typically is reserved for cases involving "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*.

Here, exceptional circumstances requiring the appointment of counsel are not evident. If, in the future, the Court concludes it is necessary to appoint counsel to represent Cramer, it shall do so *sua sponte*. The request for appointment of counsel is denied.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The procedural due process and intentional tort claims against Townsend are dismissed with prejudice.

2. The allegations appear to state the following cognizable claims: (1) a First Amendment claim against Institutional Gang Investigator M. Medina, Investigative Services Unit Captain B. Patton and Sgt. J. Puente for confiscating Taylor's outgoing mail;   (2) a breach of contract claim against Puente; and (3) a claim for intentional infliction of emotional distress against Medina, Patton and Puente.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto and a copy of this Order to Institutional Gang Investigator M. Medina, Investigative Services Unit Captain B. Patton and Sgt. J. Puente at Pelican Bay State Prison. The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Taylor.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

1 them to cooperate in saving unnecessary costs of service of the summons and the complaint.
2 Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on
3 behalf of Taylor, to waive service of the summons, fail to do so, they will be required to bear the
4 cost of such service unless good cause be shown for their failure to sign and return the waiver
5 forms. If service is waived, this action will proceed as if Defendants had been served on the date
6 that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be
7 required to serve and file an answer or other responsive pleading before sixty days from the date
8 on which the request for waiver was sent. (This allows a longer time to respond than would be
9 required if formal service of summons is necessary.)

10 Defendants are advised to read the statement set forth at the foot of the waiver form that
11 more completely describes the duties of the parties with regard to waiver of service of the
12 summons. If service is waived after the date provided in the Notice but before Defendants have
13 been personally served, the answer shall be due sixty days from the date on which the request for
14 waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

15 5. The following briefing schedule shall govern dispositive motions in this action:

16 a. Any motion for summary judgment or other dispositive motion is due thirty days
17 from the date the answer is due. If Defendants file a motion for summary judgment, it shall be
18 supported by adequate factual documentation and shall conform in all respects to Federal Rule of
19 Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary
20 judgment or other dispositive motion, they shall so inform the Court prior to the date the motion is
21 due. All papers filed with the Court shall be promptly served on Taylor.

22 At the time of filing the motion for summary judgment or other dispositive motion,
23 Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th
24 Cir. 2012), and provide Taylor with notice of what is required of him to oppose a summary
25 judgment motion. If the motion is based on non-exhaustion of administrative remedies,
26 Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d
27 1162 (9th Cir. 2014).

28 b. Taylor's opposition to the motion for summary judgment or other dispositive

5

motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Taylor is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Taylor is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Taylor will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. Defendants shall file a reply brief no later than fourteen days after the date Taylor's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

7. All communications by Taylor with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or counsel.

8. It is Taylor's responsibility to prosecute this case. Taylor must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time are not favored, though reasonable extensions will be granted. Any

1  motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline
2  sought to be extended.

4      IT IS SO ORDERED.
5  Dated: April 21, 2016



                    VINCE CHHABRIA
                    United States District Judge